IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AUSTIN BUSH, ) | |
| ) | |
| Cross-Claim Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0550-CV-W-ODS |
| ) | |
| STATE FARM FIRE & CASUALTY CO., ) | |
| ) | |
| Cross-Claim Defendant. ) | |

ORDER AND OPINION GRANTING MOTION TO REMAND

Pending is a Motion to Remand filed by Austin Bush. The motion (Doc. # 9) is granted because the removal is untimely under 28 U.S.C. § 1446(c)(1).

The Record reflects this suit arises from a dispute between Kenneth Smith and Austin Bush. In March 2007, Smith borrowed Bush's motorcycle. Smith was injured, allegedly due to defects in the motorcycle known by Bush. A bench trial was held in state court, and in February 2011 judgment was entered in favor of Smith in excess of $2.2 million.

On August 1, 2011, Smith commenced an equitable garnishment action in state court against Bush and Bush's insurer, State Farm. Complete diversity of citizenship was lacking as Smith and Bush were citizens of Missouri. In April 2013, State Farm settled Smith's claim against it but not Bush; shortly thereafter, Bush was permitted to amend his pleadings to assert a cross-claim against State Farm asserting State Farm acted in bad faith in refusing to settle the suit sooner. State Farm then removed the suit.

28 U.S.C. § 1446(c)(1) provides that when removal is predicated on diversity of citizenship, the case cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The statute is a product of Congress' different treatment for diversity cases (as opposed to federal question cases): it is a legislative judgment that a suit governed by state law that is filed in state court should

remain in state court if it has been pending and consuming state judicial resources for more than one year.  In addition to objectives of efficiency, the statute is a tacit acknowledgment that leaving diversity cases in state court after one year is generally of less federal concern.  This legislative judgment dictates that diversity cases remain in state court unless bad faith is evidenced: the one year limit is not obviated by considerations of fairness, equity, or some other basis for ascertaining what seems "right," but only by bad faith.

Clearly, this suit was pending in state court for more than one year before it was removed.  State Farm argues (1) Bush should be regarded as the plaintiff with respect to the cross-claim (2) the Court should realign the parties to place Bush in the role as the plaintiff, and (3) Bush acted in bad faith.  The Court acknowledges that it is not bound by the parties' designation of their own status and is empowered "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).  Nonetheless, the Court discerns no bad faith.  This case was pending in state court for more than a year without diversity of citizenship.  Federal jurisdiction would still have been lacking even if Bush asserted his cross-claim sooner; one year would have passed and State Farm would have no basis for arguing any party acted in bad faith.  The Court discerns no "loss" to State Farm by virtue of Bush's failure to assert the cross-claim sooner.

State Farm intimates that the Court should regard this proceeding as separate from Smith's original suit, but the Court disagrees.  First, the suit was not concluded, and in form was no different than if Bush had asserted his cross-claim on August 2, 2011.  Had Bush asserted his cross claim then, and State Farm settled with Smith in April 2013 (as it did), there would be no contention that removal in 2013 would be permissible.  Secondly, and relatedly, there is no reason to view this as a different or new lawsuit if the Missouri state court – applying the governing principles of Missouri state law – deems it as a continuation of the suit Smith started in August 2011.

The Court agrees that this suit was removed more than one year after it was commenced, so the removal is untimely.  The Motion to Remand (Doc. # 9) is granted on that basis and the case is remanded to the Circuit Court for Lafayette County,

Missouri. The Motion to Amend/Correct Alignment of Parties remains pending for the state court to address.

IT IS SO ORDERED.

DATE: July 16, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT